**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ahmad FLEMMING, Defendant–Appellant.**

No. 08–2129.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 30, 2008.

Decided Nov. 18, 2008.

Matthias D. Onderak, Attorney, Office of the United States Attorney, Evansville, IN, for Plaintiff–Appellee.

Chad E. Groves, Attorney, Wilson Womack & Groves, Henderson, KY, for Defendant–Appellant.

Ahmad Flemming, Forrest City, AR, pro se.

Before WILLIAM J. BAUER, Circuit Judge, JOHN L. COFFEY, Circuit Judge, and MICHAEL S. KANNE, Circuit Judge.

**ORDER**

In 2008 Ahmad Flemming pleaded guilty to conspiring to possess with intent to distribute crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). The parties agreed on page two of Flemming's plea agreement to a specific sentence of 240 months' imprisonment—the mandatory minimum given the amount of crack and Flemming's prior drug-felony conviction. *See* 21 U.S.C. § 841(b)(1)(A); Fed.R.Crim.P. 11(c)(1)(C). The district court accepted the plea agreement and sentenced Flemming, as agreed, to 240 months' imprisonment. *See* Fed. R.Crim.P. 11(c)(1)(C).

Flemming has filed a notice of appeal, hoping to challenge his prison sentence (but not his guilty plea). We lack jurisdiction, however. Under 18 U.S.C. § 3742, a defendant who agrees to a specific sentence cannot appeal the sentence imposed except in three narrow circumstances: if his guilty plea was involuntary, if the sentence he received is greater than the sentence he bargained for, or if his sentence was imposed in violation of law. *See id.* § 3742(a)(1), (c)(1); *United States v. Gibson,* 490 F.3d 604, 607 (7th Cir.2007);

*United States v. Cieslowski*, 410 F.3d 353, 363–64 (7th Cir.2005); *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir.1996). Flemming does not want his plea set aside, so the first possibility is out. And the second is not tenable because Flemming's prison sentence tracks the agreement. As for the third possibility, Flemming's sentence is the lowest permitted by law. *See* 21 U.S.C. § 841(b)(1)(A). Because we do not have jurisdiction, we need not reach counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

DISMISSED.